**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Deborah Benton,<br>Plaintiff,<br>v.<br>Josh Boyer, et al.,<br>Defendants. | No. CV-26-04051-PHX-JGZ<br>**ORDER** |

Pending before the Court are Plaintiff's Motion for Preliminary Injunction and to Stay Board Proceedings (Doc. 13), Request for Rule 16 Scheduling Conference (Doc. 105), Motion to Strike State Defendants' Motion to Strike (Doc. 116), Motion to Enforce Federal Rules of Civil Procedure and Court Orders Against Defense Counsel (Doc. 126), and Motion for Leave to File Surreply (Doc. 137).

**I. Motion for Preliminary Injunction and to Stay Board Proceedings (Doc. 13)**

Plaintiff asks the Court to stay proceedings before the Arizona Board of Nursing and to enjoin the Board from relying on an Illinois "Refuse to Renew" order concerning Plaintiff's Illinois nursing licenses. (Doc. 13 at 2.) Specifically, Plaintiff requests that the Court stay any hearing before the Arizona Board of Nursing pending a final ruling by the Administrative Law Judge ("ALJ") on Plaintiff's pending motions. (*Id.* at 9.) According to Plaintiff's Reply, however, the ALJ has now denied all six of Plaintiff's pending motions. (Doc. 67 at 2.) Accordingly, Plaintiff's request for a stay pending resolution of those motions is moot.

Plaintiff now asks in her Reply that the Court stay the administrative proceedings pending resolution of this federal action. (*Id.*) That request is broader than the relief sought in Plaintiff's Motion and was raised for the first time in reply. The Court need not consider arguments or requests for relief raised for the first time in a reply brief. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). Plaintiff also filed several supplemental documents in support of her Motion. (Docs. 40, 75, 84.) LRCiv 7.2 provides for a motion, response, and reply; it does not authorize supplemental briefing as a matter of right. *See* LRCiv 7.2(b)–(d). Because Plaintiff did not obtain leave to file the supplemental materials, the Court declines to consider them.

Even if the Court considered Plaintiff's broader request, Plaintiff has not demonstrated entitlement to preliminary injunctive relief. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A plaintiff seeking preliminary injunctive relief must establish that she is likely to succeed on the merits, that she is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, and that an injunction is in the public interest. *Id.* at 20. The Ninth Circuit also applies a sliding-scale formulation under which "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction," so long as the plaintiff also shows a likelihood of irreparable harm and that the injunction is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Plaintiff has not shown a likelihood of success on the merits warranting the requested injunction. Her likelihood of success argument focuses primarily on motions filed in the administrative proceeding. (Doc. 13 at 5–8.) Plaintiff argues, for example, that she is likely to prevail on her motion to dismiss the administrative complaints, her motion to disqualify the Arizona Attorney General's Office, and her effort to exclude evidence from the Board proceeding. (*Id.*) But the relevant inquiry is whether Plaintiff is likely to succeed on the federal claim supporting the requested injunction. Her disagreement with

rulings made, or to be made, in the administrative proceeding does not by itself establish a likelihood of success on a claim before this Court.

Nor has Plaintiff demonstrated that she is likely to suffer irreparable harm if the administrative hearing proceeds as scheduled. Plaintiff identifies harms arising from the suspension of her nursing licenses, including lost income, inability to work as a nurse, and damage to her professional reputation. (Doc. 13 at 5.) Those alleged injuries, however, arise largely from the suspension of Plaintiff's licenses, which Plaintiff alleges occurred in March 2022, rather than from the administrative hearing itself. Indeed, Plaintiff also alleges that she has gone more than four years without a hearing. On this record, Plaintiff has not shown that proceeding with the administrative hearing will itself cause irreparable injury warranting preliminary injunctive relief.

Because Plaintiff has not established a likelihood of success on the merits or a likelihood of irreparable harm absent preliminary relief, the Court need not address the remaining *Winter* factors. Plaintiff's Motion for Preliminary Injunction and to Stay Board Proceedings will therefore be denied.

## II. Request for Rule 16 Scheduling Conference (Doc. 105)

Plaintiff filed a Request for Rule 16 Scheduling Conference. (Doc. 105.) She asks the Court to set a scheduling conference and enter a scheduling order governing discovery and further proceedings. The State Defendants oppose the request as premature because responsive pleadings remain outstanding and dispositive motions are pending. (Doc. 139.)

Rule 16(b)(2) requires the Court to issue a scheduling order as soon as practicable, but permits delay for good cause. Fed. R. Civ. P. 16(b)(2). Here, many Defendants have not yet filed responsive pleadings, and dispositive motions are pending. The parties therefore do not yet know which claims, Defendants, and defenses will remain in the case. Requiring the parties to proceed with discovery before those issues are resolved would not be efficient and would impose unnecessary burdens on the parties and the Court.

The Court therefore finds good cause to postpone issuance of a scheduling order and Plaintiff's Request for Rule 16 Scheduling Conference will be denied.

### III. Motion to Enforce Federal Rules of Civil Procedure and Court Orders Against Defense Counsel (Doc. 126)

Plaintiff filed an Omnibus Motion to Enforce Federal Rules of Civil Procedure and Court Orders Against Defense Counsel. (Doc. 126.) Among other things, Plaintiff asks the Court to strike various joinders and filings by Defendants, strike certain statements made in Defendants' briefs, compel Defendants to participate in a Rule 26(f) conference, note an alleged misrepresentation by counsel, and vacate several prior rulings following Magistrate Judge Morrissey's recusal. Defendants Carey, Breavington, and Borowsky and the State Defendants oppose the Motion. (Docs. 145, 146.) Plaintiff subsequently filed a Supplemental Declaration in support of her Motion (Doc. 131), and Defendants Carey, Breavington, and Borowsky responded (Doc. 148).[1]

Plaintiff has not established a basis for the requested relief. Rule 12(f) permits the Court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The joinders, motions, replies, and other filings Plaintiff challenges are not pleadings subject to Rule 12(f). Plaintiff's request to compel a Rule 26(f) conference will also be denied for the reasons discussed above. *See supra* Section II. Plaintiff likewise identifies no basis for the Court to "note" an alleged misrepresentation in a previously resolved motion.

Finally, Plaintiff's request to vacate prior rulings based on Magistrate Judge Morrissey's subsequent recusal is not warranted. Plaintiff has not shown that the recusal itself invalidated the prior rulings or otherwise established a basis to vacate them. Accordingly, Plaintiff's Motion will be denied.

### IV. Motion for Leave to File Surreply (Doc. 137)

Plaintiff filed a Motion for Leave to File Surreply Nunc Pro Tunc (Doc. 137) in response to CVS Pharmacy, Inc.'s Reply in support of its Motion to Set Aside Default and Motion to Dismiss (Doc. 136), and lodged her proposed Surreply on the docket. (Doc. 138.)

---

[1] The Court declines to consider Plaintiff's Supplemental Declaration (Doc. 131) and Defendants' response thereto (Doc. 148) for the reasons discussed above. *See supra* Section I at 2.

Plaintiff contends that a surreply is warranted because CVS submitted with its Reply a May 23, 2026 Notice of Rejected Service of Process that was not included with its original motion. (Doc. 137 at 2.) CVS relies on the notice and accompanying declaration in support of its argument that Plaintiff's May 19, 2026 attempted service did not effect service on CVS Pharmacy. (Doc. 136 at 2.)

When a party raises new arguments or presents new evidence in a reply, the Court may permit the opposing party to respond to the new arguments or evidence in a surreply. *El Pollo Loco v. Hashim*, 316 F.3d 1032, 1040–41 (9th Cir. 2003). Because CVS submitted evidence with its Reply that Plaintiff had no prior opportunity to address, the Court will exercise its discretion to permit the Surreply.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Preliminary Injunction and to Stay Board Proceedings (Doc. 13) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Request for a Rule 16 Scheduling Conference (Doc. 105) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Enforce Federal Rules of Civil Procedure and Court Orders Against Defense Counsel (Doc. 126) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Surreply (Doc. 137) is **granted**. The Clerk of Court shall file the Surreply, lodged as Doc. 138, on the record.

Dated this 21st day of September, 2026.

Jennifer G. Zipps
Chief United States District Judge