**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Deborah Benton,<br>Plaintiff,<br>v.<br>Josh Boyer, et al.,<br>Defendants. | No. CV-26-04051-PHX-JGZ<br>**ORDER** |

Pending before the Court are Defendants Flynn Carey and Andrew Breavington's Renewed Motion to Dismiss (Doc. 36); the State Defendants' Motion to Strike Plaintiff's Complaint (Doc. 108); Plaintiff's Motion to Strike the State Defendants' Motion to Strike and for Entry of Default (Doc. 116); Plaintiff's Renewed Motion for Default Judgment against CVS Health Corporation (Doc. 117); Plaintiff's Motion for Leave to File Supplemental Pleading (Doc. 118); CVS Pharmacy, Inc.'s Motion to Set Aside Default and Motion to Dismiss for Insufficient Service of Process (Doc. 123); Defendant Costco Wholesale Corporation's Motion to Dismiss (Doc. 129); Plaintiff's Motion to Amend Complaint (Doc. 147); and Defendant Josh Boyer's Motion for More Definite Statement (Doc. 150). The Court addresses each motion below.

## I. Background

Plaintiff Deborah Benton initiated this action in Maricopa County Superior Court on April 28, 2026. (Doc. 1-4 at 4.) The action was removed to this Court in June 2026. (Doc. 1.) Plaintiff is proceeding pro se.

Plaintiff names as Defendants DEA Agent Josh Boyer; Dr. Stephen Borowsky; the Arizona Attorney General's Office ("AAGO"); the Arizona Board of Nursing; Flynn Carey; Andrew Breavington; Diane Caruso; Janet Olson; Humberto Preciado; Roberto Pulver; Charles Hoover III; the Estate of Mark Brnovich; Walgreens; CVS; Fry's; Costco; and various Doe Defendants. Plaintiff's central allegation is that Defendants participated in a coordinated effort to retaliate against her for filing and settling a lawsuit against several pharmacy defendants. (Doc. 1-4 at 6.) The Complaint is approximately 250 pages long and is accompanied by more than 2,000 pages of exhibits. (Doc. 1-4 at 253–81; Docs. 1-5 through 1-11.)

Plaintiff asserts fifteen claims. She alleges civil RICO claims for monetary and injunctive relief and RICO conspiracy (Claims 1–3); a claim under 42 U.S.C. § 1983 against the State Defendants (Claim 4); malicious prosecution (Claim 5); First Amendment retaliation (Claim 6); violations of Article 2, Sections 4 and 6 of the Arizona Constitution (Claim 7); legal malpractice and breach of fiduciary duty against Carey and Breavington (Claim 9); civil conspiracy (Claim 10); spoliation of evidence (Claim 13); abuse of process (Claim 14); and intentional infliction of emotional distress (Claim 15). Different combinations of Defendants are named in each claim.

**II. Motion to Dismiss Case (Doc. 129)**

Defendant Costco Wholesale Corporation moves to dismiss the Complaint under Federal Rules of Civil Procedure 8, 10, and 12(b)(6). (Doc. 129.) Costco argues that the Complaint is excessively lengthy, fails to organize its allegations in numbered paragraphs, and does not clearly identify which claims are asserted against Costco or which factual allegations support each claim. The State Defendants and Defendant Stephen Borowsky join Costco's Motion. (Docs. 134, 135.) Plaintiff opposes the Motion. (Doc. 130.)

Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(d)(1) requires each allegation to be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Rule 10(b), in turn, requires a party to state its claims "in numbered paragraphs, each limited as far as practicable to a

single set of circumstances" and, when doing so would promote clarity, to state each claim founded on a separate transaction or occurrence in a separate count. Fed. R. Civ. P. 10(b).

These requirements are not merely matters of formatting. Their purpose is to provide each defendant fair notice of the claims asserted against it and the factual basis for those claims, while permitting the defendant and the Court to determine which allegations correspond to which causes of action. *See McHenry v. Renne,* 84 F.3d 1172, 1176–80 (9th Cir. 1996). A complaint may therefore violate Rule 8 when its factual allegations are so lengthy, disorganized, redundant, or intermingled that the substance of the claims cannot reasonably be discerned. *See id.* at 1177–80; *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011). The Ninth Circuit has likewise recognized that "shotgun" pleadings—pleadings that obscure which factual allegations support which claims against which defendants—undermine Rule 8's notice function and may require repleading. *See Gibson v. City of Portland*, 165 F.4th 1265, 1288–89 (9th Cir. 2026).

Plaintiff is proceeding pro se, and the Court therefore construes her pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But pro se litigants remain subject to the Federal Rules of Civil Procedure. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds by *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) (en banc).

Plaintiff argues that the Complaint should not be subjected to federal pleading requirements because she originally filed it in state court, where it was accepted before removal. (Doc. 130 at 3–4.) But the Federal Rules apply to civil actions after removal from state court. Fed. R. Civ. P. 81(c)(1). That the Complaint was accepted for filing in state court therefore does not relieve Plaintiff of the obligation to comply with Rules 8 and 10 in this Court.

The Complaint does not satisfy the requirements of those rules. It spans more than 200 pages and is accompanied by more than 2,000 pages of exhibits. Much of the pleading consists of lengthy narrative allegations, legal argument, background concerning proceedings and individuals not directly tied to a particular claim, and factual allegations

that are not set forth in separately numbered paragraphs. Costco identifies, for example, extended discussions of Controlled Substances Act standards, grand jury proceedings, and patient-by-patient prescribing records, much of which is not connected to the claims against Costco.

More importantly, the structure of the Complaint makes it difficult to determine which factual allegations support which claims against which Defendants. Although Plaintiff identifies specific allegations concerning Costco—including allegations that a Costco pharmacist complained to the DEA and Arizona Board of Nursing and that Costco refused to fill certain prescriptions—the Complaint also contains broader allegations that Costco participated in communications, meetings, or a coordinated enterprise involving numerous other Defendants. Those allegations are dispersed throughout the pleading rather than organized by claim and Defendant. Plaintiff's inclusion of a table of contents, an overt acts chart, and defendant-specific references does not cure the broader problem that the operative pleading requires the parties and the Court to determine for themselves which portions of a lengthy narrative correspond to each asserted cause of action.

Plaintiff also argues that the complexity of her RICO allegations requires a lengthy pleading and that Rule 9(b)'s particularity requirement justifies the level of detail provided. But complexity does not eliminate Rule 8's requirement that a complaint present the claims in a clear, concise, and organized manner. *See Gibson*, 165 F.4th at 1271, 1288–89. Rule 9(b) likewise does not authorize a plaintiff to disregard Rules 8 and 10; allegations of fraud may be pleaded with particularity while still identifying, in numbered paragraphs and separate counts, the relevant conduct attributable to each Defendant.

The Court therefore concludes that the Complaint fails to comply with Rules 8 and 10. Because the deficiencies concern the organization and clarity of the pleading as a whole, Plaintiff will be given an opportunity to amend.

Because the Court will require Plaintiff to replead, it declines at this stage to reach Costco's alternative arguments under Rule 12(b)(6). Those arguments may be renewed, as appropriate, in response to the amended complaint.

**III. State Defendants' Motion to Strike and Plaintiff's Motion to Strike (Docs. 108, 116)**

The State Defendants move to strike Plaintiff's Complaint pursuant to Rule 12(f), arguing principally that the Complaint is excessively lengthy, fails to comply with Rules 8 and 10, and improperly combines numerous claims and allegations against multiple Defendants. (Doc. 108.) Plaintiff, in turn, moves to strike the State Defendants' Motion and requests entry of default, arguing that the State Defendants were required to file an answer or Rule 12(b) motion by July 31, 2026. (Doc. 116.)

Rule 12(f) permits the Court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The State Defendants do not principally contend that discrete portions of the Complaint fall within those categories. Rather, their Motion challenges the Complaint as a whole for failure to comply with Rules 8 and 10. The Court therefore construes the State Defendants' Motion according to its substance as seeking relief under Rules 8 and 10.

For the reasons discussed above, the Court agrees that the Complaint does not comply with Rules 8 and 10 and will require Plaintiff to file an amended complaint. Because the Court is granting that relief on the same grounds raised in Costco's Motion, the State Defendants' Motion to Strike (Doc. 108) will be denied as moot.

Plaintiff's Motion to Strike (Doc. 116) will likewise be denied. Rule 12(f) authorizes striking material from a pleading, not striking a motion. See Fed. R. Civ. P. 7(a), 12(f). In addition, because the Court is requiring Plaintiff to replead and is resolving the State Defendants' challenge to the operative Complaint in this Order, Plaintiff's request to strike Doc. 108 and enter default does not warrant separate relief.

Accordingly, the State Defendants' Motion to Strike (Doc. 108) is denied as moot, and Plaintiff's Motion to Strike State Defendants' Motion to Strike and for Entry of Default (Doc. 116) is denied.

//

//

## IV. Renewed Motion to Dismiss Defendants Flynn Carey and Andrew Breavington (Doc. 36)

Defendants Flynn Carey and Andrew Breavington move to dismiss the claims asserted against them. (Doc. 36.) Plaintiff's claims against Carey and Breavington arise out of their representation of her in criminal and administrative proceedings, and include claims alleging violations of civil RICO, legal malpractice and breach of fiduciary duty, civil conspiracy, spoliation of evidence, and intentional infliction of emotional distress. (*Id.* at 2.) Defendants argue that the Complaint fails to comply with Rules 8 and 10 and, alternatively, that Plaintiff's state law tort claims are barred by the statute of limitations, that Plaintiff fails to plead viable RICO claims, that Arizona does not recognize independent claims for spoliation or civil conspiracy, and that a March 15, 2024 Settlement Agreement and Release bars all claims arising from their representation of Plaintiff. (*Id.* at 7–14.) Plaintiff opposes the Motion. (Doc. 83.)

As discussed above, the Court will require Plaintiff to file an amended complaint that complies with Rules 8 and 10. The Court therefore need not separately address Carey and Breavington's request for relief on that basis. The Court will, however, address their statute of limitations defense because amendment cannot cure claims that are untimely as a matter of law.

Arizona imposes a two-year statute of limitations on Plaintiff's legal malpractice claim and the other personal injury tort claims at issue here. *See* A.R.S. § 12-542; *Amfac Distrib. Corp. v. Miller*, 138 Ariz. 152, 153 (1983). Under Arizona's discovery rule, a claim accrues when a plaintiff has sufficient knowledge to identify that a wrong occurred and caused injury; a plaintiff need not know every fact underlying the claim. *Walk v. Ring*, 202 Ariz. 310, 316 ¶ 22 (2002). Accrual is ordinarily a factual question, but it may be resolved as a matter of law when the complaint establishes that the plaintiff knew or reasonably should have known the basis for the claim. *Id.* ¶¶ 23–24.

The Complaint establishes that Plaintiff was aware of the alleged misconduct underlying her claims against Carey and Breavington no later than early 2024. According

to the allegations identified in the Motion, Plaintiff had repeatedly challenged the Attorneys' handling of the Board proceedings, questioned their diligence and competence, disputed their billing, identified an alleged conflict of interest, and directed her insurer not to pay additional fees by the end of 2023. Their representation ended in January 2024. By March 2024, Plaintiff had expressly challenged the amount of fees owed and alleged that the Attorneys had fallen below the applicable standard of care. The parties' March 15, 2024 Settlement Agreement and Release expressly memorializes that dispute.

Plaintiff did not commence this action until April 28, 2026, more than two years later. Her state law tort claims are therefore untimely unless the limitations period was tolled.

Plaintiff advances three tolling theories. First, Plaintiff invokes the discovery rule, arguing that she did not discover the "full scope" of the alleged misconduct until she obtained additional files in 2025 and 2026. (Doc. 83 at 2–3.) But the discovery rule does not delay accrual until a plaintiff learns every fact or the full extent of the alleged wrongdoing. *Walk*, 202 Ariz. at 316 ¶ 22. Plaintiff's own allegations establish that she knew of the alleged injury and its connection to Carey and Breavington more than two years before filing suit.

Second, Plaintiff invokes a continuous representation theory, asserting that the limitations period did not begin to run until Carey's representation ended in January 2024. (Doc. 83 at 3.) Even assuming that doctrine applies, Plaintiff did not file this action until April 28, 2026, more than two years after the representation ended.

Third, Plaintiff argues that fraudulent concealment tolled the limitations period because Carey allegedly withheld documents, maintained incomplete client files, concealed recordings, and conditioned billing corrections on a release. (*Id.*) Those allegations may concern additional evidence of the alleged misconduct, but they do not establish that the Attorneys concealed the existence of Plaintiff's claims or prevented her from discovering the facts necessary to pursue them. To the contrary, Plaintiff alleges that she had already questioned the Attorneys' competence, challenged their billing, identified

an alleged conflict, and retained separate counsel to assist with the fee dispute by early 2024.

Accordingly, Plaintiff's state law tort claims against Carey and Breavington for legal malpractice and breach of fiduciary duty (Claim 9), civil conspiracy (Claim 10), and intentional infliction of emotional distress (Claim 15) are barred by the two-year statute of limitations and will be dismissed with prejudice.

Plaintiff's spoliation of evidence claim (Claim 13) independently fails as a matter of law. Arizona does not recognize an independent tort claim for spoliation of evidence. *See Lips v. Scottsdale Healthcare Corp.*, 224 Ariz. 266, 269 ¶ 16 (2010) (declining to recognize a tort for third party intentional spoliation). Accordingly, Claim 13 will also be dismissed with prejudice as to Carey and Breavington.

Because Claims 9, 10, 13, and 15 are subject to dismissal on these grounds, the Court need not decide whether the March 2024 Release independently bars those claims or whether Plaintiff has adequately alleged economic duress sufficient to invalidate the Release. Nor does the Court reach, at this stage, Carey and Breavington's remaining arguments concerning the sufficiency of Plaintiff's RICO allegations. Those arguments may be renewed, as appropriate, in response to any amended complaint.

Accordingly, Carey and Breavington's Renewed Motion to Dismiss will be granted in part. Plaintiff's claims for legal malpractice and breach of fiduciary duty (Claim 9), civil conspiracy (Claim 10), spoliation of evidence (Claim 13), and intentional infliction of emotional distress (Claim 15) will be dismissed with prejudice as to Carey and Breavington. The remainder of the Motion will be denied without prejudice.

**V. Motions Concerning Default and Service as to CVS (Docs. 117, 123)**

Plaintiff filed a Renewed Motion for Default Judgment against CVS Health Corporation. (Doc. 117.) CVS Pharmacy, Inc. ("CVS Pharmacy") subsequently appeared and filed an Objection, Motion to Set Aside Clerk's Entry of Default, and Motion to Dismiss for Insufficient Service of Process. (Docs. 121, 123.) CVS Pharmacy contends that Plaintiff never properly served any CVS-affiliated entity and that the Clerk's entry of

default should therefore be set aside. Plaintiff opposes the Motion. (Doc. 125.)

**A. Motion to Set Aside Entry of Default**

For good cause, the Court may set aside an entry of default. Fed. R. Civ. P. 55(c). In determining whether good cause exists, the Court considers whether the defendant engaged in culpable conduct that led to the default, whether the defendant has a meritorious defense, and whether setting aside the default would prejudice the plaintiff. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). The district court has broad discretion to set aside an entry of default before judgment, and doubts should generally be resolved in favor of deciding the case on the merits. *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994), *as amended* (July 1 and July 12, 1994); *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

Good cause exists to set aside the default because Plaintiff had not properly served the intended CVS Defendant when default was entered.[1] Plaintiff argues that CVS intentionally failed to appear or timely respond to the Complaint. (Doc. 125 at 5.) That argument, however, depends on her contention that service was effective on May 19. It was not.

On May 19, Plaintiff attempted service on CVSI, Inc. through CT Corporation. (Doc. 59 at 20–21.) Even if that service had otherwise been effective, CVSI, Inc. bears no apparent relationship to the Defendant Plaintiff intended to serve. The record reflects that CVSI, Inc. is an inactive corporation in the computer software and hardware business and is unrelated to CVS Pharmacy or any other CVS-affiliated entity. (Doc. 123, Ex. A.) Plaintiff has since acknowledged that CVS Pharmacy is the entity she intended to sue. (Doc. 125 at 3.) Service, or attempted service, on an unrelated entity does not constitute service on the intended Defendant. *See* Fed. R. Civ. P. 4(a)(1)(B) (requiring the summons to be directed to the defendant).

---

[1] Because the Clerk's entry of default was based on Plaintiff's May 19 attempted service on CVSI, Inc., Plaintiff's later service attempts do not affect whether the default was properly entered. In any event, Plaintiff's July 22 attempt to serve CVS Health Corporation through CT Corporation was also unsuccessful because CT Corporation was not that entity's registered agent in Arizona.

Nor do the remaining factors warrant leaving the default in place. CVS Pharmacy has identified several potentially meritorious defenses, including insufficient service of process, Plaintiff's failure to comply with Rules 8 and 10, and substantive defenses to Plaintiff's claims. The burden of establishing a meritorious defense at this stage is not heavy. *See Mesle*, 615 F.3d at 1094.

Plaintiff also has not shown prejudice from setting aside the default. She points to the time and expense spent seeking default, the suspension of her nursing licenses, lost income, and the burden of litigating against numerous defendants. But the relevant inquiry is whether setting aside the default would hinder Plaintiff's ability to litigate her claims. *See TCB Remarketing LLC v. Metro Auto Auction LLC*, No. CV-20-01826-PHX-MTM, 2021 WL 2865095, at *3 (D. Ariz. July 8, 2021) ("being forced to litigate a case on the merits rather than obtaining a default judgment does not constitute 'prejudice'"). Discovery has not begun, and Plaintiff has not identified any loss of evidence, increased difficulty of discovery, or other impairment of her ability to proceed against CVS Pharmacy.

Accordingly, the Clerk's entry of default against CVS will be set aside.

**B. Motion to Dismiss for Insufficient Service of Process**

Defendant CVS Pharmacy also moves for dismissal from this action for insufficient service of process under Rule 12(b)(5).

As discussed above, Plaintiff did not properly serve CVS Pharmacy. And the Court does not take lightly Plaintiff's repeated representations that CVS Pharmacy was properly served despite her acknowledgment that the service materials had been returned to her. (Docs. 59 at 2–3; 89 ¶¶ 2–3; 117 at 1–2.) The record, however, does not establish that those representations were willfully false. Therefore, dismissal is not warranted at this stage.

When service is defective, the Court has discretion either to dismiss the action or quash service and permit another attempt. *See S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). Plaintiff is proceeding pro se, attempted to serve the entity she believed to be the proper CVS Defendant, CVS Pharmacy has now appeared and has actual notice of the action, and CVS Pharmacy was not prejudiced by the improper service. Under

these circumstances, the Court will quash Plaintiff's prior attempted service and permit her additional time to effect proper service under Federal Rule 4(m). CVS Pharmacy's request for dismissal under Rule 12(b)(5) will be denied.

Because the Clerk's entry of default will be set aside, Plaintiff's Renewed Motion for Default Judgment (Doc. 117) will be denied as moot.

**VI. Motions for Leave to Supplement and Amend (Docs. 118, 147)**

Plaintiff moves for leave to file a supplemental pleading under Rule 15(d) and separately moves for leave to amend under Rule 15(a). (Docs. 118, 147.) Both motions seek to add allegations concerning billing by Defendants Carey and Breavington. As discussed above, the Court will require Plaintiff to file an amended complaint that complies with Rules 8 and 10. Because the amended complaint will supersede the current Complaint, Plaintiff's requests to supplement or amend that pleading are moot.

Plaintiff may include any properly pleaded allegations concerning the NSO billing in her amended complaint, subject to the Federal Rules of Civil Procedure and the requirements set forth in this Order. The Court therefore need not reach Defendants' remaining arguments concerning the sufficiency or futility of the proposed amendment. Accordingly, Plaintiff's Motions will be denied as moot.

**VII. Motion for More Definite Statement (Doc. 150)**

Defendant Boyer moves for a more definite statement under Federal Rule of Civil Procedure 12(e), arguing that Plaintiff's Complaint does not comply with Rules 8 and 10 and is too vague and ambiguous to permit a response. (Doc. 150.) Boyer specifically argues that the Complaint does not clearly identify which claims are asserted against him, whether those claims are brought against him in his individual or official capacity, or which factual allegations support each claim.

As discussed above, the Court will require Plaintiff to file an amended complaint that complies with Rules 8 and 10. Because the amended complaint will supersede the current Complaint, Boyer's request for a more definite statement is moot.

//

## VIII. Leave to Amend

For the foregoing reasons, the Court will dismiss Plaintiff's Complaint for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Within 30 days of the date of this Order, Plaintiff may file a first amended complaint curing the deficiencies identified above.[2]

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint", formatted in compliance with LR Civ 7.1. The first amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

An amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), *as amended* (May 22, 1992); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989). After amendment, the Court will treat the original Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the law Plaintiff believes was violated; (2) the name of the Defendant(s) who violated the law; (3) exactly what each Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of the law; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff must repeat this process for each person she names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. Conclusory allegations that a Defendant or group of Defendants

---

[2] The Court suggests Plaintiff review the Court's informational Handbook for Self-Represented Litigants, available at https://www.azd.uscourts.gov/proceeding-without-attorney-0, prior to submitting an amended complaint. Plaintiff is also advised that the non-profit Step Up to Justice provides free, advice-only consultation to federal self-represented litigants. More information is available at https://www.azd.uscourts.gov/federal-court-advice-only-clinic-phoenix (last visited October 13, 2026).

has violated a law or constitutional right are not acceptable and will be dismissed.

If Plaintiff does not know the names of individual Defendants, she must list the individual unknown Defendants as Defendant John (or Jane) Doe 1, John Doe 2, and so on in the caption of heramended complaint. In the body of the amended complaint, Plaintiff must allege facts to support how each particular Doe Defendant violated Plaintiff's rights. It is insufficient to simply list a category of Defendants (such as "John Does 1–10") and make conclusory allegations against them as a group.

Plaintiff should further be aware that under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Raygor v. Regents of Univ. of Minnesota*, 534 U.S. 533, 541 (2002) (the supplemental jurisdiction statute does not authorize federal district courts to exercise jurisdiction over state law claims against nonconsenting States). Furthermore, "a state is not a 'person' for purposes of section 1983." *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted).

## IX. Warnings

### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Possible Dismissal

Plaintiff is advised that if an amended complaint fails to state a claim upon which relief can be granted, the Court will likely dismiss this action. If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260–61 (a district court may dismiss an action for failure to comply with any order of the Court).

For the foregoing reasons,

**IT IS ORDERED** that:

1. Defendant Costco Wholesale Corporation's Motion to Dismiss (Doc. 129) is **granted in part**. Plaintiff's Complaint is dismissed with leave to amend. The Court does not reach Costco's remaining arguments under Rule 12(b)(6).
2. Plaintiff may file a First Amended Complaint **within thirty (30) days** of the date of this Order. Any First Amended Complaint must comply with the requirements set forth in Section VIII of this Order. Failure to timely file a First Amended Complaint that complies with this Order may result in dismissal of this action without further notice.
3. The State Defendants' Motion to Strike (Doc. 108) is **denied as moot**.
4. Plaintiff's Motion to Strike State Defendants' Motion to Strike and for Entry of Default (Doc. 116) **is denied**.
5. Defendants Flynn Carey and Andrew Breavington's Renewed Motion to Dismiss (Doc. 36) is **granted in part**. Plaintiff's claims for legal malpractice and breach of fiduciary duty (Claim 9), civil conspiracy (Claim 10), spoliation of evidence (Claim 13), and intentional infliction of emotional distress (Claim 15) are **dismissed with prejudice** as to Carey and Breavington. The remainder of the Motion is **denied without prejudice**.
6. CVS Pharmacy's Objection, Motion to Set Aside Clerk's Entry of Default, and Motion to Dismiss for Insufficient Service of Process (Doc. 123) is **granted in part and denied in part**. The Clerk's entry of default against CVS is **set aside**. Plaintiff's prior attempted service on CVS Pharmacy is **quashed**, and CVS Pharmacy's request for dismissal under Rule 12(b)(5) is **denied**.
7. Plaintiff's Renewed Motion for Default Judgment against CVS Health Corporation (Doc. 117) is **denied as moot**.

//

//

//

8. Plaintiff's Motion for Leave to File Supplemental Pleading (Doc. 118) and Motion for Leave to Amend Complaint (Doc. 147) are **denied as moot**.
9. Defendant Boyer's Motion for More Definite Statement (Doc. 150) is **denied as moot**.

Dated this 13th day of October, 2026.

Jennifer G. Zipps
Chief United States District Judge