**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Deborah Benton,<br>Plaintiff,<br>v.<br>Josh Boyer, et al.,<br>Defendants. | No. CV-26-04051-PHX-JGZ<br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Leave to Seek Untimely Reconsideration and Motion for Partial Reconsideration of the October 13, 2026 Order (Doc. 157) and Plaintiff's Motion for Extension of Time to File First Amended Complaint (Doc. 158). For the reasons below, the Court will deny Plaintiff's Motion for Reconsideration and grant her Motion for Extension of Time.

**I. Background**

On October 13, 2026, the Court dismissed Plaintiff's Complaint for failure to comply with Federal Rules of Civil Procedure 8 and 10 and granted Plaintiff 30 days to file a First Amended Complaint. (Doc. 156.) The Court also dismissed with prejudice Plaintiff's claims for legal malpractice and breach of fiduciary duty (Claim 9), civil conspiracy (Claim 10), spoliation of evidence (Claim 13), and intentional infliction of emotional distress (Claim 15) against Defendants Flynn Carey and Andrew Breavington. (*Id.* at 14.) The Court determined that Claims 9, 10, and 15 were barred by the applicable statute of limitations and that Arizona does not recognize an independent claim for

spoliation of evidence. (*Id.* at 6–8.)

On November 6, 2026, Plaintiff filed a Motion seeking leave to file an untimely Motion for Reconsideration of the dismissal with prejudice of Claim 9. (Doc. 157.) Plaintiff also filed a Motion requesting an extension of the deadline to file her First Amended Complaint. (Doc. 158.)

## II. Legal Standard

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Local Rule 7.2(g)(1) sets forth in detail the standard for a motion for reconsideration:

> Form and Content of Motion. The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

LRCiv 7.2(g)(1). Absent good cause, a motion for reconsideration must be filed no later than fourteen days after the date of the order it challenges. LRCiv 7.2(g)(2).

Although courts construe pro se filings liberally, "pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012).

## III. Motion for Reconsideration (Doc. 157)

Plaintiff has not demonstrated good cause for filing her Motion for Reconsideration after the fourteen-day deadline set forth in LRCiv 7.2(g)(2). The Court entered its Order on October 13, 2026 (Doc. 156), making any motion for reconsideration due by October 27, 2026. Plaintiff filed her Motion on November 6, 2026, ten days after that deadline.

Plaintiff attributes her delay to the substantial work required to prepare her First Amended Complaint, her unsuccessful attempts to obtain legal assistance, and the difficulties associated with proceeding without counsel. (Doc. 157 at 2–3.) Although the Court acknowledges these circumstances, Plaintiff has not explained why they prevented her from timely seeking reconsideration. The deadline to file an amended complaint was separate from the deadline to seek reconsideration of the dismissal of Claim 9. Moreover, Plaintiff's correspondence with the Federal Court Advice Only Clinic reflects that she sought assistance primarily with preparing her amended complaint, rather than seeking reconsideration of Claim 9. (*Id.* at 13–15.) The anticipated consultation was also scheduled for November 5, 2026, after the reconsideration deadline had expired. Thus, the Clinic's unavailability does not adequately explain Plaintiff's failure to file a timely motion.

Accordingly, Plaintiff has not established good cause to excuse her untimely filing. The Court will therefore deny Plaintiff's Motion for Reconsideration without reaching her arguments concerning the accrual of her legal malpractice and breach of fiduciary duty claims.

## IV. Motion for Extension of Time (Doc. 158)

Under Federal Rule of Civil Procedure 6(b)(1)(A), the Court may extend a deadline for good cause if the request is made before the original deadline expires.

Plaintiff asks the Court to extend the deadline to file her First Amended Complaint to December 3, 2026. (Doc. 158 at 1.) Plaintiff explains that she has substantially completed the restructuring of her Complaint required by the Court's October 13, 2026 Order but needs additional time to verify defendant-specific allegations, ensure that each count states only one claim, and reconcile her supporting exhibits. (Doc. 158 at 2–3.) Plaintiff also represents that she unsuccessfully sought legal assistance from the Federal Court Advice Only Clinic and that the requested extension would not prejudice Defendants or disrupt any existing scheduling deadlines. (*Id.* at 3–4.)

The Court finds good cause to grant Plaintiff's Motion. Plaintiff filed her Motion before the existing deadline expired, has demonstrated substantial progress toward

complying with the Court's Order, and seeks a limited extension that will not disrupt an existing scheduling order. Accordingly, Plaintiff's Motion will be granted.

## V. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 157) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time (Doc. 158) is **granted**. Plaintiff shall file her First Amended Complaint in compliance with the Court's October 13, 2026 Order (Doc. 156) on or before **December 3, 2026**, or this action may be dismissed without further notice.

Dated this 10th day of November, 2026.

Jennifer G. Zipps
Chief United States District Judge